JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 12-850-JST (PJWx)                                                    Date:  June 20, 2012
Title:  Jehu Hand v. Vitaminspice, et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

  Nancy Boehme                                                                                    N/A
   Deputy Clerk                                                                                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

      Not Present                                                                         Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT, CASE NO. 30-2012-00563900**

     Before this Court is a Motion to Remand filed by Plaintiff Jehu Hand ("Plaintiff"). (Doc. 4.)  Plaintiff filed this action against Defendant Vitaminspice ("Defendant") in Orange County Superior Court on April 23, 2012, Case Number 30-2012-00563900.  On May 25, 2012, Defendant removed this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Not. of Removal, Doc. 1.)  The Court finds this matter appropriate for disposition without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  Accordingly, the hearing set for July 6, 2012, at 2:30 p.m. is VACATED.

     At the outset, the Court notes that, in accordance with the Local Rules, any opposition was due by June 15, 2012.  *See* C.D. Cal. R. 7-9 (requiring an opposition brief to be filed not later than twenty-one days before the hearing).  To date, Defendant has not filed any opposition.  Local Rule 7-12 holds that "failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."  C.D. Cal. R. 7-12.  Accordingly, Defendant's failure to oppose is deemed consent to remand.  As discussed below, the Court also concludes that remand is appropriate because the Court lacks subject matter jurisdiction.

     When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV 12-850-JST (PJWx) | Date:  June 20, 2012 |
| Title:  Jehu Hand v. Vitaminspice, et al. | |

Cir. 2006) (internal quotation marks omitted)) (alterations omitted).  Courts "strictly construe the removal statute against removal jurisdiction," thus "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).

"[W]here the plaintiff has pled an amount in controversy less than [$75,000], the party seeking removal must prove with legal certainty that jurisdictional amount is met."  *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007).  Here, Plaintiff's Complaint clearly indicates that he seeks damages in the amount of $70,415.66.  (Not. of Removal, Ex. 1.)  In an attempt to clear the jurisdictional threshold, Defendant argues the amount in controversy exceeds $75,000 because the defendant has "compulsory counterclaims in the hundreds of thousands of dollars."  (Not. of Removal, ¶ 3.)  However, Defendant has not filed any counterclaim or provided any facts to support this assertion.  Therefore, Defendant has not shown with legal certainty that the amount in controversy exceeds the jurisdictional requirement.  Accordingly, the Court concludes that it lacks subject matter jurisdiction and REMANDS this case to Orange County Superior Court.

Initials of Preparer:  <u>nkb</u>